**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4466**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONALD RAY HURST, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Mary G. Lewis, District Judge.  (3:24-cr-00304-MGL-1)

Submitted:  March 12, 2026                              Decided:  March 17, 2026

Before WILKINSON and KING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed in part, dismissed in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:**  Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Lamar J. Fyall, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Ray Hurst, Jr., pled guilty, pursuant to a plea agreement, to an information charging him with destruction of an energy facility, in violation of 18 U.S.C. § 1366(a), and possession of child sexual abuse materials involving a prepubescent minor, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). The district court sentenced Hurst to 125 months' imprisonment followed by a lifetime term of supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Hurst's lifetime term of supervised release is reasonable. In his pro se supplemental brief, Hurst also challenges the reasonableness of his lifetime term of supervised release. The Government has moved to dismiss the appeal pursuant to the appellate waiver in Hurst's plea agreement. We affirm in part, dismiss in part, and remand for correction of a clerical error.

"We review an appellate waiver de novo to determine its enforceability" and "will enforce the waiver if it is valid and if the issue being appealed falls within its scope." *United States v. Carter*, 87 F.4th 217, 223-24 (4th Cir. 2023) (internal quotation marks omitted). "[A]n appellate waiver is valid if the defendant knowingly and voluntarily agreed to it." *Id.* at 224. To determine whether a waiver is knowing and voluntary, "we look to the totality of the circumstances, including the defendant's experience, conduct, educational background and knowledge of his plea agreement and its terms." *Id.* "When a district court questions a defendant during a [Federal] Rule [of Criminal Procedure] 11 hearing regarding an appeal waiver and the record shows that the defendant understood the

2

import of his concessions, we generally will hold that the waiver is valid." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021).

Our review of the record confirms that Hurst knowingly and voluntarily waived his right to appeal his convictions and sentence, with limited exceptions not applicable here. We therefore conclude that the waiver is valid and enforceable and that the sentencing issue counsel and Hurst raise falls squarely within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside of Hurst's valid appellate waiver. We therefore grant the Government's motion in part and dismiss the appeal as to the issues within the scope of the waiver. We otherwise affirm. Our review of the record, however, revealed one discrepancy between the district court's oral pronouncement of its sentence and the criminal judgment. During the sentencing hearing, the district court agreed to recommend vocational training but that recommendation is not included in the judgment. Accordingly, we remand this case so that the district court may amend the judgment to include the recommendation for vocational training. *See* Fed. R. Crim. P. 36.

This court requires that counsel inform Hurst, in writing, of the right to petition the Supreme Court of the United States for further review. If Hurst requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hurst. We dispense with oral argument because the facts and

3

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFRIMED IN PART,*
*DISMISSED IN PART,*
*AND REMANDED*